MICHAEL J. HEYMAN
United States Attorney

MAC CAILLE PETURSSON
C. CODY TIRPAK
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: mac.caille.petursson@usdoj.gov
Email: cody.tirpak@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COREY MONTA CLIFTON and ELIZABETH MARIE CRUICKSHANK,<br><br>Defendants. | No.  3:25-cr-00043-SLG-MMS<br><br>COUNT 1:<br>CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES<br>  Vio. of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)<br><br>COUNTS 2-5:<br>ATTEMPTED POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES<br>  Vio. of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) and (B)<br><br>COUNT 6:<br>FELON IN POSSESSION OF AMMUNITION & FIREARMS<br>  Vio. of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) |

COUNT 7:
MONEY LAUNDERING CONSPIRACY
  Vio. of 18 U.S.C. § 1956(h)

CRIMINAL FORFEITURE
ALLEGATION 1:
  21 U.S.C. § 853(a)(1) & (2), 28 U.S.C. §
2461(c), and Fed. R. Crim. P. 32.2(a)

CRIMINAL FORFEITURE
ALLEGATION 2:
  18 U.S.C. § 924(d), 28 U.S.C.
§ 2461(c), and Fed. R. Crim. P. 32.2(a)

CRIMINAL FORFEITURE
ALLEGATION 3:
  18 U.S.C. § 981(a)(1)(A), 982(a)(1), 28
U.S.C. § 2461(c), and Fed. R. Crim. P.
32.2(a)

**INDICTMENT**

The Grand Jury charges that:

<u>COUNT 1</u>

Beginning on a precise date unknown to the Grand Jury, but no later than in or

around August 2024, and continuing until at least on or about February 19, 2025, within

the District of Alaska, the defendants, COREY MONTA CLIFTON and ELIZABETH

MARIE CRUICKSHANK, and others both known and unknown to the Grand Jury, did

knowingly and intentionally combine, conspire, confederate, and agree together and with

one another to distribute and to possess with intent to distribute 400 grams or more of a

mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-

4-piperidinyl] propenamide (fentanyl).

COREY MONTA CLIFTON and ELIZABETH MARIE CRUICKSHANK's conduct as members of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide a/k/a fentanyl, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), and 846.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).

## COUNT 2

On or about November 7, 2022, within the District of Alaska and elsewhere, the defendant, ELIZABETH MARIE CRUICKSHANK, did knowingly and intentionally attempt to possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl).

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).

## COUNT 3

On or about August 6, 2024, within the District of Alaska and elsewhere, the defendant, COREY MONTA CLIFTON, did knowingly and intentionally attempt to possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl).

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).

COUNT 4

On or about August 7, 2024, within the District of Alaska, the defendant, ELIZABETH MARIE CRUICKSHANK, did knowingly and intentionally attempt to possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl).

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).

COUNT 5

On or about February 19, 2025, within the District of Alaska, the defendant, ELIZABETH MARIE CRUICKSHANK, did knowingly and intentionally attempt to possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl).

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B).

COUNT 6

On or about August 8, 2024, within the District of Alaska, the defendant, COREY MONTA CLIFTON, knowing that he had previously been convicted by any court of crimes punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, the following ammunition and firearms:

- A FHN model 509 9mm pistol;

- A Beretta model 92 9mm pistol; and

- Approximately 86 rounds of 9mm ammunition.

| Conviction Date | Offense | Court | Case No |
|---|---|---|---|
| September 24, 2015 | Attempted Manufacture/Deliver Controlled Substances in the Second Degree | Alaska Superior Court, Kenai | 3KN-13-00904CR |
| September 14, 2017 | Possession with Intent to Distribute | U.S. District Court, Anchorage | 3:17-cr-00007-SLG |

All of which is in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

## COUNT 7

Beginning on a precise date unknown to the Grand Jury, but at least in or about April 2022, and continuing through at least April 2025, within the District of Alaska and elsewhere, the defendants, COREY MONTA CLIFTON and ELIZABETH MARIE CRUICKSHANK, did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the grand jury to commit offenses against the United States in violation of 18 U.S.C. § 1956(h), namely:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the unlawful distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1), with the intent to promote the carrying on of the unlawful distribution of controlled substances, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the unlawful distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

All of which is in violation of 18 U.S.C. § 1956(h).

## CRIMINAL FORFEITURE ALLEGATION 1

The allegations contained in Counts 1-5 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 21 U.S.C. §§ 853(a)(1) and (2), and 28 U.S.C. § 2461(c).

Upon conviction of an offense in violation of 21 U.S.C. §§ 841 and 846, the defendants, COREY MONTA CLIFTON and ELIZABETH MARIE CRUICKSHANK, shall forfeit to the United States pursuant to 21 U.S.C. § 853(a)(1) and (2) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses, including a forfeiture money judgment equal to the value of the property.

All pursuant to 21 U.S.C. §§ 853(a)(1) and (2), 28 U.S.C. § 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

CRIMINAL FORFEITURE ALLEGATION 2

The allegations contained in Count 6 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

Upon conviction of an offense in violation of 18 U.S.C. § 922(g)(1), the defendant, COREY MONTA CLIFTON, shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) any firearms and ammunition involved in and used in the knowing commission of the offense, including but not limited to:

- A FHN model 509 9mm pistol, SN: GKS0265516;

- A Beretta model 92FS 9mm pistol, SN: A04355M; and

- Approximately 86 rounds of 9mm ammunition.

All pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

CRIMINAL FORFEITURE ALLEGATION 3

The allegations contained in Count 7 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and 982(a)(1).

Upon conviction of any of the offenses in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), and 1956(a)(1)(B)(i), as set forth in Count 7 of this Indictment, the defendants, COREY MONTA CLIFTON and ELIZABETH MARIE CRUICKSHANK,

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(A) and 982(a)(1), any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), and 1956(a)(1)(B)(i), or any property traceable to such property, including a forfeiture money judgment equal to the value of the property, including but not limited to approximately $509,664.05.

All pursuant to 18 U.S.C. § 981(a)(1)(A), 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

If any of the property described in the above Criminal Forfeiture Allegations 1, 2, and 3, as a result of any act or omission of the defendants:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided without difficulty;

//

//

//

//

//

//

//

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

     A TRUE BILL.

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ Mac Caille Petursson
MAC CAILLE PETURSSON
Assistant U.S. Attorney
United States of America


s/ Michael J. Heyman
MICHAEL J. HEYMAN
United States Attorney
United States of America


DATE:      June 10, 2025